**In re Earl Richard WILSON, Pamela Sue Gaskins Wilson, Debtors.**

**Earl Richard WILSON, Pamela Sue Gaskins Wilson, Plaintiffs,**

v.

**COLONIAL AMERICAN NATIONAL BANK, Defendant.**

**Bankruptcy No. 7–88–00509.
Adv. No. 7–88–0135.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Jan. 23, 1989.

Susan C. Proctor, Roanoke, Va., for plaintiffs.

John B. Weld, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the Court for decision arises as a result of a complaint seeking declaratory judgment filed by Earl Richard Wilson and Pamela Sue Gaskins Wilson (the Wilsons) as to whether 11 U.S.C. § 524(c) and 11 U.S.C. § 722 are mandatory or elective. However, as reflected by the memoranda filed by the plaintiffs in this case, the real issue which the plaintiffs have not pled but wish to have decided is

whether a "default upon filing" bankruptcy clause in a security agreement is enforceable against the debtors after the discharge is granted. The Court has considered the memoranda filed by the parties in this case and the stipulation of facts submitted. The following constitutes the Court's finding of facts and rulings of law.

### Facts

As reflected by stipulation of facts filed on October 14, 1988, the Wilsons filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 23, 1988. At the time of the filing of their petition for relief, the Wilsons were indebted to Colonial American National Bank (the Bank) for a motor vehicle loan evidenced by an installment sale security agreement and disclosure statement dated August 31, 1987. The collateral which secured the obligation to the Bank is a 1986 Chevrolet Monte Carlo. The security agreement between the parties contains a provision which states that the filing of a bankruptcy by the Wilsons is an event of default under the agreement entitling the Bank to exercise its state law remedies and its remedies under the security agreement.

At the time of the filing of the petition for relief the Wilsons were current in all of their loan payments, they had insurance coverage on the vehicle and retained possession of the vehicle. The value of the vehicle as of the date of the filing of the petition for relief was less than the amount of the secured debt owed to the Bank. Accordingly, the Bank is an undersecured creditor. On April 19, 1988, the trustee in bankruptcy abandoned the vehicle to the debtors. Accordingly, as of April 19, 1988, the car was no longer property of the estate under 11 U.S.C. § 541 of the Bankruptcy Code.

On July 13, 1988, a discharge hearing was held in Roanoke, Virginia, and both debtors appeared for their discharge instructions. However, pursuant to the debtors' request, by counsel, the issuance of the discharge was deferred pending a determination of this complaint which had been filed by counsel for the debtors on July 8, 1988. As a result of the deferral of the issuance of the discharge order, the automatic stay imposed by 11 U.S.C. § 362 remains in full force and effect pursuant to 11 U.S.C. § 362(a)(5).

The Bank has indicated to the debtors that it intends to repossess the car upon issuance of the discharge order and lifting of the automatic stay using the default upon filing bankruptcy clause in the security agreement as the event of default giving it the right to exercise its contractual provisions. The debtors, who have kept the payments current and the insurance in force on the car, do not wish to redeem the property under 11 U.S.C. § 722 or to reaffirm the debt under 11 U.S.C. § 524(c). They seek a determination as to whether they must reaffirm or redeem in order to retain the property post-discharge.

### Law

This is a declaratory judgment action. 28 U.S.C. § 2201(a) provides for declaratory judgments by any court of the United States "in a case of actual controversy within its jurisdiction...." Although no jurisdictional basis for the action has been pled, no party in interest has objected to the court's jurisdiction and this court finds that this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(O) and arises in a case under Title 11. Further, for purposes of determining declaratory judgment actions, this court finds that it is within the statutory definition of a "court of the United States" as set forth in 28 U.S.C. § 451.

Based upon the factual allegations in the complaint and absent any objection by a party in interest, the court finds that the plaintiff has standing to bring this action since they have personal stake in the outcome. There is also a substantial controversy between these parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941).

The parties to the litigation have cited no case to the court which deals with the enforceability of a "default upon filing bankruptcy clause" post-discharge. There

are, however, a number of cases which decide whether such a clause, by itself, gives rise to a creditor's right to have the automatic stay lifted during the pendency of a bankruptcy proceeding. In *Riggs Nat. Bank of Washington, D.C. v. Perry,* 729 F.2d 982 (4th Cir.1984), the debtor was delinquent on a car loan when he filed his petition for relief under Chapter 7. Subsequent to the filing of the petition, the secured creditor, Riggs, filed a motion for relief from the automatic stay. Both the bankruptcy court and the district court denied the request of Riggs for relief from the stay and on appeal Riggs argued to the Fourth Circuit that the default upon filing clause in its security agreement with the debtor constituted cause for lifting of the automatic stay. The Fourth Circuit declined to lift the stay on that basis and stated,

> The enactment of the Bankruptcy Code, and in particular the stay provision, evinced a clear congressional purpose to create a way by which debtors may obtain a fresh start toward reorganization of their financial obligations. This Court's enforcement of a default-upon-filing clause would clearly intrude upon that policy since any such default would deprive the debtor of the advantages of the Code's liquidation procedures; this result follows from the working of section 362(d)(1). Thus, a debtor could not file under Chapter 7 to invoke the automatic stay without assuring its demise due to his default under the contract. Accordingly, we align ourselves with the district court and other Federal courts that have held default-upon-filing clauses unenforceable as a matter of law. *See, e.g. Matter of Rose,* 21 B.R. 272, 276–277 (Bankr.D.N.J.1982); *In re Horton,* 15 B.R. 403, 405 (Bankr.E.D.Va.1981).

*Riggs* at 984–85.

The Fourth Circuit did not specifically limit the language just quoted to enforcement proceedings during the pendency of a bankruptcy case. In fact, the *Horton* case cited by the Fourth Circuit in enunciating its position involved a repossession by a creditor post-discharge. Further, the *Rose* case, also cited by the Fourth Circuit, had a post-discharge effect since the order denying relief in *Rose* was to remain in effect as long as the debtors made installment payments as due and maintained required insurance. *Rose,* 21 B.R. at 280.

On the other hand, the factual context in which the Fourth Circuit rendered its opinion as to the enforceability of default upon filing clauses was a pending motion for relief from stay in a bankruptcy proceeding. The language of the majority opinion makes it clear that the Court was concerned that a default upon filing clause would impede the debtor's access to the "Code's liquidation procedure." Part of the Code's statutory structure involves the debtor's right to reaffirm under 11 U.S.C. § 524(c) and the right to redeem under 11 U.S.C. § 722. Automatic lifting of the stay based upon a default upon filing clause could eliminate the debtor's rights under § 524 and § 722.

The question of the scope of the majority opinion must have been considered by the Fourth Circuit since Judge Widener discussed it in his concurring and dissenting opinion:

> One further thing needs mentioning. Our holding that the due on bankruptcy clause in the security agreement is not enforceable extends, of course, only to enforcement proceedings in bankruptcy and not to its ultimate validity which will have to be determined under state law.

*Riggs,* 729 F.2d at 987.

The Wilsons would have this court extend *Riggs* to hold that the due on bankruptcy clauses in security agreements are unenforceable post-discharge when there has been no other default. The Wilsons argue that if they are not in default upon the filing of their petition for relief, then they should be able to obtain their discharge and continue to pay for the collateral securing the Bank's debt without reaffirmation or redemption under the Bankruptcy Code.

The court has examined the statutory scheme established by Congress with respect to redemption under 11 U.S.C. § 722 and reaffirmation under 11 U.S.C. § 524(c). The court holds that these Code provisions are not mandatory; instead, they are available to the debtor during the pendency of

the bankruptcy proceeding for retention of property post-discharge. The holding in *Riggs* merely preserves these provisions for use by the debtor during the bankruptcy process.

In the case at bar, the trustee in bankruptcy has abandoned the car. Upon entry of the order of discharge, the automatic stay will be lifted and the debtors, who are in possession of the car, will have available to them all of the rights and remedies provided both under state law and in their contractual agreements with the Bank. Thus, any decision which they might make to redeem or reaffirm does not affect their right to possession of the collateral post-discharge. Those rights will be governed by state law and the contract between the Bank and the Wilsons. These rights may be heard and determined by a state court of competent jurisdiction or, should federal jurisdiction lie, in a federal court. Thus, post-discharge the Wilsons have available a forum for a determination as to the enforceability of the due on bankruptcy clause.

An appropriate order will be entered implementing this memorandum opinion.